UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVAN STRUGATSKIY,

Plaintiff,

v.

ACM CAPITAL HOLDINGS LTD., et al.,

Defendants.

Case No. 7:26-cv-03107-PMH

# DECLARATION OF BENJAMIN J. PRINCE IN SUPPORT OF MOTION TO SET ASIDE CLERK'S CERTIFICATE OF DEFAULT

I, Benjamin J. Prince, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an individual defendant in this action and make this declaration based upon my personal knowledge.
2. I submit this declaration in support of my request that the Court set aside the Clerk's Certificate of Default entered against me and permit me to defend the claims against me on their merits.
3. I did not solicit Plaintiff Ivan Strugatskiy to make the loan that is the subject of this action.
4. I do not know Plaintiff personally and had no relationship or communications with him concerning the loan transaction.
5. I did not participate in negotiating the Promissory Note, any amendment to the Promissory Note, its repayment terms, or any other agreement between Plaintiff and ACM Capital Advisory Limited.
6. I did not personally borrow any money from Plaintiff.
7. I did not personally guarantee repayment of the Promissory Note or any other obligation owed to Plaintiff.
8. I did not make any representation to Plaintiff concerning ACM Capital Advisory Limited's assets, solvency, corporate status, authority, business activities, ability to repay, proposed transactions, or anticipated repayment date.
9. I had no involvement in the management, control, or operation of ACM Capital Advisory Limited.
10. I had no knowledge of the corporate status of ACM Capital Advisory Limited at the time of the transaction, including whether it was active, dissolved, struck from any register, or otherwise subject to any corporate-status issue.
11. My involvement in the transfer of Plaintiff's funds was limited to the commercial conversion service performed by Royal Investment Management LLC.

B.P.

12. Royal Investment Management LLC received approximately $100,000 in connection with the transaction.
13. Royal received those funds for the purpose of converting them into cryptocurrency and transmitting the resulting cryptocurrency to the wallet address it had been instructed to use.
14. Conversion and transmission of funds in that manner was within the ordinary function of Royal's business.
15. Royal performed the conversion and transmitted the resulting cryptocurrency to the designated wallet in accordance with the instructions it received.
16. Royal charged and retained only its ordinary commercial fee for performing that conversion service.
17. Neither Royal nor I retained any portion of the $100,000 loan principal for our own account other than Royal's ordinary commercial conversion fee.
18. Neither Royal nor I received any equity interest, participation interest, investment return, repayment interest, loan commission, or other financial interest in the underlying loan transaction.
19. I did not personally receive Plaintiff's funds as borrower, guarantor, investor, or beneficiary of the loan.
20. I did not determine whether Plaintiff should make the loan.
21. I did not negotiate the amount of the loan, the interest payable, the maturity date, the repayment terms, or any extension.
22. I did not determine how the cryptocurrency would be used after it had been transmitted to the designated wallet.
23. I did not control the cryptocurrency after it left Royal's custody.
24. I did not select its ultimate destination or direct its subsequent use after Royal completed the conversion and transmission service.
25. My involvement ended when Royal completed the conversion and transmitted the cryptocurrency to the designated wallet.
26. I did not know of, participate in, or agree to participate in any alleged fraud, conspiracy, racketeering enterprise, or scheme involving Plaintiff.
27. I did not know of any alleged misrepresentation made to Plaintiff by any other defendant.
28. I had no knowledge that would have enabled me to assess whether any representation made by another person concerning ACM Capital Advisory Limited was true or false.
29. I previously appeared pro se in this action and filed a letter-motion seeking an extension of time, protection from default, and permission to seek dismissal or to be dropped as a party.
30. The Court granted me additional time through July 20, 2026 to answer or otherwise respond.
31. I did not file a formal response by that deadline.
32. My failure to do so was not intentional and was not an attempt to disregard the Court, abandon my defense, or concede Plaintiff's allegations.
33. I was proceeding without counsel and did not have reliable access to PACER or the Court's electronic docket with which to monitor developments in the case.
34. I did not understand that further action was required by the July 20 deadline notwithstanding my earlier communications with the Court.

B.P.

35. I had previously communicated with the Court and had demonstrated my intention to defend myself in this action.
36. When I became aware that a Clerk's Certificate of Default had been entered against me, I took steps to seek relief and present my defenses to the Court.
37. I wish to defend this case on its merits.
38. I respectfully request that the Clerk's Certificate of Default entered against me be set aside and that I be permitted to answer, move, or otherwise respond to the Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2026.

______________________________

Benjamin J. Prince

64 Orchard Rd.
West Hartford, CT 06117